FILED
97 JAN -6 PM 1:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHN WESLEY DAVIS, JR.,          )
                                 )
    Plaintiff,                   )
                                 )
    vs.                          )   CV 96-PT-0327-S
                                 )
GLENN IRELAND II                 )
DEVELOPMENTAL CENTER, et al,     )
                                 )
    Defendants.                  )

ENTERED
JAN  6 1997

MEMORANDUM OPINION

This cause comes on to be heard on Defendants' Motion For Summary Judgment filed on December 2, 1996.

This court usually significantly restates all the facts and applicable law in cases such as this. In this case, however, it is so readily apparent that there is no reasonable inference of intentional discrimination that there is no need to do so.

The thrust of plaintiff's complaint is that he was intentionally discriminated against in the process that resulted in his suspension from June 24, 1994 to December 5, 1994. His other claim(s) flow from that decision. It is undisputed that plaintiff was accused by an undercover state trooper of

1

physically abusing a mentally retarded client at the Glenn Ireland Developmental Center (GDIC). Dr. Ellen Gillespi, the Director of GDIC, determined that the evidence was sufficient to support the allegations and plaintiff was terminated on June 24, 1994. Catherine Maddox, an administrative hearing officer, heard plaintiff's appeal and recommended that the termination be upheld. Although the Commissioner of the Alabama Department of Mental Health and Mental Retaliation adopted the hearing officer's findings of fact and summary, he decided to reinstate plaintiff because of his _prior_ work record. In effect, the Commissioner decided that a five months plus suspension was a sufficient penalty. Plaintiff complains that he was not considered for a promotion during the time he was suspended. He subjectively states that he was suspended so that he would not be promoted. There is no reasonable inference of such. Plaintiff was one of many who were cited for abusing clients. There is no reasonable inference that he was singled out to cause him not to be promoted. Curiously, in support of his argument, plaintiff states that _a_ white person was allowed to _resign_ pending investigation of a complaint. It is not readily apparent from the evidence what was the complaint against this person (Gail E. Masters). In any event, it is not shown that she was in a

2

similar position. Further, she resigned. That is certainly not similar. It is beyond this court's ability to fathom how allowing plaintiff to resign would have bettered his chance for promotion.

The motion will be granted.

The court does not reach other issues raised by the defendants.

This ____6____ day of January, 1997.

_____
ROBERT B. PROPST
**SENIOR UNITED STATES DISTRICT JUDGE**